**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MERRILL BURROUS
CHAMBERLAIN,

    Petitioner - Appellant,

v.

JOHN SHANKS, Warden; and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 00-2465

(D.C. No. CIV-95-167-LH)

(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY,** and **BRORBY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Petitioner fatally shot a police officer and was subsequently tried for

murder, among other things, in New Mexico state court. The first trial resulted in

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a hung jury. The second trial, which involved new defense counsel and a different defense strategy, resulted in a conviction. That conviction was affirmed on appeal by the New Mexico Supreme Court. See State v. Chamberlain, 819 P.2d 673 (N.M. 1991). Petitioner subsequently sought federal court review of his state court conviction pursuant to 28 U.S.C. § 2254. In the habeas petition, he alleged that numerous constitutional violations occurred during his second trial, including improper jury instructions, ineffective assistance of counsel, and various denials of due process. The matter was referred to a magistrate judge who recommended rejecting all of Petitioner's claims on the merits. After de novo review, the district court adopted the magistrate judge's recommendation. Petitioner then requested a certificate of appealability, as he must under 28 U.S.C. § 2253, for leave to appeal the district court's decision. That request was denied. Petitioner, now proceeding pro se, has renewed his pursuit of a certificate of appealability with this court.

A court should grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner could do so by demonstrating that his claims warrant further proceedings, "subject to a different resolution on appeal," or are debatable among reasonable jurists. See Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000). After carefully reviewing Petitioner's "Application for Certificate of

Appealability" in conjunction with the magistrate judge's thorough, considered opinion and State v. Chamberlain, 819 P.2d 673 (rejecting some of the same arguments currently asserted in Petitioner's habeas petition), we conclude that Petitioner has failed to make the necessary showing. We can do no better than the Magistrate Judge's Proposed Findings and Recommended Disposition filed on August 1, 2000, in explaining why.[1] The request for a certificate of appealability is **DENIED** and this appeal is **DISMISSED**.[2]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]We note that while the magistrate judge and the district court did not apply the Antiterrorism and Effective Death Penalty Act of 1996 to Petitioner's habeas proceeding, that act applies to this appeal. See Slack v. McDaniel, __ U.S. __, 120 S. Ct. 1595, 1602-03 (2000).

[2]We also **DENY** Petitioner's recently filed "Motion for Production of Transcript of the 5/12/97 Hearing Held Without Appellant's Presence and Knowledge." The 5/12/97 transcript referred to is from an unrelated case and was erroneously included in the instant case's record on appeal.